**Robert CONNOR, Plaintiff–Appellant,**

**v.**

**QUEST DIAGNOSTICS, INC., Defendant–Appellee.**

**No. 07–15343.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Oct. 28, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James P. Kemp, Esq., Kemp & Kemp, Las Vegas, NV, for Plaintiff–Appellant.

Scott M. Mahoney, Esq., Fisher & Phillips, LLP, Las Vegas, NV, for Defendant–Appellee.

Before: GOODWIN, BEEZER, and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts and procedural history of this case are familiar to the parties and we do not repeat them here. Robert Connor appeals the district court's grant of summary judgment in favor of Defendant/Appellee Quest Diagnostics, Inc. ("Quest" or "Quest Diagnostics"). Connor, who was a Quest Diagnostics employee, brought suit for employment discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and the analogous Nevada statute, as well as state law claims for intentional infliction of emotional distress and tortious constructive discharge.

### A. *Failure to Accommodate*

Connor argues Quest violated the ADA by failing to accommodate his disability by not allowing him to record a meeting, refusing to adjust supervisory methods, and failing to engage in good faith in an interactive process to fashion reasonable accommodations. A reasonable accommodation is one that enables an individual to perform the essential functions of his position by removing barriers or providing assistance. *Cripe v. City of San Jose,* 261 F.3d 877, 889 (9th Cir.2001). Connor did not offer evidence to support his argument that recording one meeting about his prior job performance would have enabled him to perform the essential functions of his job, and therefore has not demonstrated that it is a reasonable accommodation. Connor's claim regarding Quest's supervisory methods also fails because Connor does not identify the supervisory methods that are incompatible with his disability or indicate how Quest should have altered them. Finally, the claim that Quest failed to engage in the interactive process with Connor to fashion appropriate accommodations based on Quest's refusal to enter a binding employment contract with Connor, and resolve his Nevada Equal Rights Commission ("NERC") complaint, also fails. Neither of these demands relates to Connor's ability to perform the essential functions of his job and therefore are not reasonable accommodations.

### B. *Retaliation*

To establish a prima facie case for a retaliation claim under the ADA, Connor must demonstrate that he engaged in a protected activity, suffered an adverse employment action, and that the two are causally connected. *See Pardi v. Kaiser Found. Hosps.,* 389 F.3d 840, 849 (9th Cir.2004). While Connor demonstrated he

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

engaged in a protected activity by requesting accommodations and complaining about perceived discrimination, he failed to identify an adverse employment action that occurred after he engaged in protected activity, and presents no evidence of causation between his perceived mistreatment and his protected activity.

### C. Intentional Infliction of Emotional Distress

 To sustain a claim for intentional infliction of emotional distress, a plaintiff must prove, *inter alia,* that the defendant's conduct was extreme and outrageous. *Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 956 P.2d 1382, 1386 (1998). Connor's claim does not specifically identify any behavior that was extreme or outrageous. While he speaks generally about his treatment at Quest and claims Quest's conduct constituted harassment and pressure, he does not offer any facts or evidence to support these characterizations.

### D. Tortious Constructive Discharge

Even if an employer's actions violate public policy, Nevada does not recognize common law tortious discharge claims if statutory remedies are available. *See D'Angelo v. Gardner,* 107 Nev. 704, 819 P.2d 206, 216–18 (1991); *Sands Regent v. Valgardson,* 105 Nev. 436, 777 P.2d 898, 900 (1989). Comprehensive statutory remedies, namely the ADA and its Nevada analog, cover the same conduct that is the basis for Connor's tortious discharge claim: discrimination against persons with disabilities. Therefore, we do not recognize a common law cause of action where a statutory one exists.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

The district court's grant of summary judgment in favor of Quest Diagnostics is **AFFIRMED.**

